**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 96-30188
_____


L.D. McMULLAN AND NILA McMULLAN,

Plaintiffs-Appellants,

VERSUS

JAMES COOK, REECE HEAD, NATIONAL BANK OF COMMERCE OF
EL DORADO, WILLIAM L PREWETT, ROBERT C. COMPTON,
FLOYD M. THOMAS, JR., JOSEPH HICKEY, THE LAW FIRM OF
COMPTON, PREWETT, THOMAS & HICKEY, JOSEPH WILSON,
DONALD R. WILSON, PHILLIP S. GAHARAN, JR., THE LAW FIRM
OF GAHARAN & WILSON, AND MANORADO OIL CO., GURVIS VINES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(94-CV-2322)
_____

February 17, 1997

Before DAVIS and DUHÉ, Circuit Judges, and DOWD,[1] District Judge.

PER CURIAM:[2]

Appellants, L.D. McMullan and his wife, Nila McMullan, brought
this action against appellees, alleging violations of the
Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18
U.S.C. 1962 (1994), breach of partnership fiduciary duties, fraud,
and various other state law causes of action.  The district court

[1] District Judge of the Northern District of Ohio, sitting by
designation.

[2] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

dismissed the McMullans' civil RICO claims pursuant to Fed. R. Civ. P. 12(b)(6) and dismissed their remaining state law claims for lack of subject matter jurisdiction.  We affirm.

## I.

The McMullans have had three attempts to state a valid civil RICO claim.  They filed their original complaint on December 21, 1994.  On April 4, 1995, the McMullans filed their first amended and supplemental complaint.  Finally, on May 15, 1995, they filed a RICO case statement as required by the Standing RICO Order.

Through these lengthy pleadings, the McMullans allege that they have been defrauded by appellees' "scheme to cheat and destroy them" through a joint venture, called the Manorado Oil Venture, involving Louisiana oil wells.  Their allegations against appellees include fraudulent misrepresentation concerning costs and diversion of funds away from the venture, conspiracy to collect excessive amounts on bank loans, forging bank notes and simple theft.  The McMullans further contend that in carrying out the alleged scheme, appellees committed the predicate acts of mail fraud (18 U.S.C. § 1341 (1994)), wire fraud (18 U.S.C. § 1343 (1994)), financial institution fraud (18 U.S.C. § 1344 (1994)), bankruptcy fraud (18 U.S.C. § 152(1) (1994)), and interstate transportation of stolen property (18 U.S.C. § 2314 (1994)).

## II.

Reviewing the district court's 12(b)(6) order *de novo*, Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995), we conclude that the district court properly dismissed the McMullans' civil RICO claims.

2

As we explained in <u>Delta Truck & Tractor, Inc. v. J.I. Case Co.</u>, 855 F.2d 241, 242 (5th Cir. 1988), *cert. denied*, 489 U.S. 1079 (1989), "[r]educed to its three essentials, a civil RICO claim must involve: (1) a *person* who engages in (2) a *pattern of racketeering activity* (3) connected to the acquisition, establishment, conduct, or control of an *enterprise*." <u>Id.</u> (citing 18 U.S.C. § 1962). Moreover, civil RICO liability adds the additional requirement that the plaintiff must be "injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c) (1994).

The McMullans' have failed to allege with specificity the elements necessary to state a RICO claim. Even assuming they have stated the requisite predicate acts, their vague and conclusory allegations make it impossible to determine which RICO defendants engaged in which pattern of racketeering connected to the acquisition, establishment, conduct, or control of which enterprise. Nor do the pleadings adequately describe how the prohibited acquisition, establishment, conduct, or control of the alleged enterprises harmed the McMullans. The burden is on the plaintiffs to state the elements of their claims, and the court is not obliged to scour through insufficient and conclusory pleadings in an effort to make the plaintiffs' claims for them. *See* <u>Old Time Enter., Inc. v. Int'l Coffee Corp.</u>, 862 F.2d 1213, 1218 (5th Cir. 1989); <u>Glenn v. First Nat. Bank in Grand Junction</u>, 868 F.2d 368 (10th Cir. 1989).

3

III.

The McMullans' vague and conclusory pleadings have failed to state a valid RICO claim. Accordingly, the district court's order dismissing this suit is affirmed.

AFFIRMED.